## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA M. BARBER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. 05-285J |
| v. | ) |
| | ) JUDGE GIBSON |
| NEW ENTERPRISE STONE & LIME | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

# Memorandum Opinion and Order

## GIBSON, J.

This matter comes before the Court on the Defendant's Federal Rule 12(b) Motion to Dismiss and Federal Rule 12(e) Motion for a More Definite Statement (Document No. 5), the Plaintiff's "Motion to Deny Dismissal of Complaint on the Federal Rule 12B & 12E" (Document No. 8), "Motion for Admittance or/and New Discovery Conference Hearing Under Fed Rule 26" (Document No. 12), "Motion on Federal Rule 26.b.(2) General Provisions Governing Discovery, Judgement [sic] on the Pleadings, Request for Counsel" (Document No. 20), "Motion to [sic] Entry of Judgment Under Civil Rule 54 & 58"(Document No. 22) and "Motion to [sic] Entry of Judgment Under Civil Rule 54 & 58 STATUS" (Document No. 23).

At the outset, the Court notes that the Plaintiff is presently proceeding *pro se*, and that her motions and pleadings are being interpreted "with less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652, 654 (1972).

Courts "must liberally construe [*pro se*] pleadings, and...apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Dhulos v. Strasberg,* 321 F.3d 365, 369 (3d Cir. 2003). *See also Ryales v. Phoenixville School District*, 177 F.Supp.2d 391, 395 (E.D.Pa. 2001).

The Court will not make a statement of its jurisdiction or venue because it is not evident from the Complaint in this matter and because personal and subject matter jurisdiction are the bases of the Defendant's Motion to Dismiss and Motion for a More Definite Statement. With this understanding, the Court turns to the first issue of its personal jurisdiction over the Defendant.

Without the effectuation of service of a summons and a complaint upon a party, a federal district court is without personal jurisdiction over that party. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S.Ct. 1322, 1327, 143 L.Ed.2d 448, 457 (1999). A summons and a copy of the complaint "shall be served together." F.R.C.P. 4(c).

The Defendant argues that it was not served with a copy of the summons, only the complaint. Defendant's Motion, ¶ ¶ 7, 8. The Plaintiff has not responded to this argument in her "Motion to Deny Dismissal."[1] The Court interprets this portion of the Defendant's Motion as one under F.R.C.P. 12(b)(5), a motion for dismissal based upon insufficiency of service of process. In matters of challenges to the sufficiency of service of process, "the plaintiff bears the burden of proving that proper service was effected." *Frederick v. Hydro-Aluminum, S.A.*, 153 F.R.D. 120, 123 (E.D.Mi.1994). *See also Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d. 1344, 1346 (5th Cir. 1992); *Three Crown, Ltd. Partnership v. Caxton Corp.*, 817 F.Supp. 1033, 1050 (S.D.N.Y. 1993). Without the Plaintiff

---

[1]In reading the Plaintiff's *pro se* pleadings in a liberal manner as the Court must, the Court finds this not to be a motion, but in fact a proper response to the Defendant's Motions to Dismiss and for a More Definite Statement.

contesting the issue of service of the *summons* and without any evidence demonstrating that the Defendant was served with a *summons* along with the complaint, *i.e.*, proof of service under F.R.C.P. 4(l), the Court must dismiss the Plaintiff's complaint. However, the issue remains as to whether the dismissal shall be without prejudice or with prejudice.

The Court recognizes that service of a complaint *and summons* upon a defendant is necessary for the Court to possess personal jurisdiction over a defendant and that "good cause" to extend the time to effect proper service beyond the 120 day limit does not exist where a defendant is aware of the civil action because it has received only a copy of the complaint. *See In re City of Philadelphia Litigation,* 123 F.R.D. 515, 518-521 (E.D.Pa. 1988). In the case *sub judice,* as occurred in the case of *In re City of Philadelphia Litigation*, the 120 day limit for service has expired and it appears that "good cause" to extend the time period to allow the Plaintiff to serve the Defendant properly has not been demonstrated. However, unlike *In re City of Philadelphia Litigation*, the plaintiff in the case *sub judice* is proceeding *pro se* and precedent does exist to permit leniency for such individuals in order for them to perfect service of the Defendant. *See Moore v. Agency for International Development*, 994 F.2d 874, 876-877 (D.C.Cir. 1993)(finding good cause to permit perfection of service in that a represented defendant was aware of the civil action by *pro se* litigant who had previously attempted to effect service twice and where defendant was granted extensions of time to respond). The Court believes that such action is equally applicable in the case *sub judice* as the Defendant clearly received notice of this civil action through receipt of the complaint, has filed the present motions, sent its legal counsel to represent it before the Court in this matter and that dismissal without prejudice at this juncture would place the Plaintiff in a position requiring her to request permission to effect service beyond the 120 day time

3

limit. Instead, the Court will order that the Plaintiff perfect her service of the complaint and summons upon the Defendant in accordance with F.R.C.P. 4 within 20 days of the date of the order entered in this matter.

The Defendant argues for dismissal of Plaintiff's Complaint based upon the failure to attach any referenced exhibits in accordance with F.R.C.P. 10(c), failure to identify this Court's subject matter jurisdiction over this civil action, failure to plead the specific laws that are the bases of the Plaintiff's claims of discrimination and retaliation, and failure to allege sufficient facts to set forth a cause of action for violation of her rights. Defendant's Motion, ¶¶ 14-17. The Defendant also argues in its motion for a more definite statement that the contents of the Complaint are "vague and ambiguous", fail to comply with the pleading requirements of the Federal Rules of Civil Procedure, that the Plaintiff failed to identify the specific law allegedly breached, the factual bases of the alleged discrimination and retaliation, and further failed to attach the referenced operative EEOC Complaints. Defendant's Motion, ¶¶ 19-26.

Federal Rule of Civil Procedure 8 reads as follows:

(a) **Claims for Relief.** A pleading which sets forth a claim for relief...shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A review of the Plaintiff's complaint reveals that the Plaintiff has not stated the basis for this Court's subject matter jurisdiction, only stating "That this Honorable Court has jurisdiction in this case pursuant to 28 U.S.C. § _____ base [sic] upon the facts and allegations . [sic] set forth herein on the nature of

4

the suit being with presented before this Court on Retaliation and Discrimination issues." Complaint (Document No. 2) ¶ 3. The Plaintiff does not mention the Court's jurisdiction in her Motion to Deny Dismissal. This omission most likely is unintended and the Plaintiff will be permitted to amend her complaint to state the proper section under which she is claiming the Court has subject matter jurisdiction over her complaint.

Likewise, the Plaintiff failed to identify the statute that is the statutory basis of her claim. The Complaint appears to represent that the Plaintiff is making a claim under the Title VII of the Civil Rights Act of 1964 and the Plaintiff's Motion to Deny Dismissal indicates that her claim is indeed one made under Title VII and is a claim of discrimination and of retaliation and that such discrimination and retaliation is based upon "race, color, and national origin." Motion to Deny, p. 1, ¶ ¶ 1, 5, 11, 14. No reference to sexual discrimination was made in her Complaint, but attached to the Plaintiff's Motion to Deny is the Plaintiff's Charge of Discrimination indicating discrimination based upon her race and sex. The Plaintiff also indicates the existence of a hostile work environment claim. Motion to Deny, ¶ 6. The Plaintiff will be permitted to amend her complaint to include the references to the correct statutory basis, the legal theories of recovery thereunder, and the bases of the violation.

The Plaintiff's failure to attach to her complaint as exhibits the documents she references will also be permitted to be remedied as the Plaintiff will be permitted to attach the exhibits she referenced in her original complaint but only attached to her Motion to Deny.

As for the substantive issue of whether sufficient facts are referenced in the Complaint to set forth her claim, the Court reminds the parties that the Federal Rules of Civil Procedure only require notice pleading, not fact pleading. The Plaintiff, in her Complaint clearly was making claims of

5

discrimination and retaliation in her workplace based upon allegations of Defendant preventing her advancement through promotions and more work hours, her termination, the improper disciplining of the Plaintiff, improperly "alter[ing] this Plaintiff's withholding wages and taxes during her claims," and breach of a verbal agreement to settle previous claims made to the EEOC with said agreement guaranteeing her at least "30 hours per week." Complaint, ¶¶ 10, 12-15. The Court finds that such facts are sufficient to place the Defendant on notice of its alleged actions that are the bases of the Plaintiff's claims of discrimination and retaliation and allow the Defendant to investigate these issues and defend such allegations. Although matters such as dates and names of individuals are not included within the Complaint, such fact pleading is not necessary for complaints before this Court. After amendment of the Complaint by the Plaintiff to correct those deficiencies outlined above, the Amended Complaint will clearly place the Defendant on notice as to the factual and legal claims which the Defendant must answer.

One final issue with regard to the amendment of the Complaint will now be addressed. The Court notes that the Plaintiff refers to the Equal Pay Act in the "WHEREFORE" paragraph of her Motion to Deny. The Equal Pay Act, 29 U.S.C. § 206(d), applies to differences in wages between members of the opposite sex doing "equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions" with four exceptions. The Act does not create a cause of action for differences in pay based upon race; the Act only prohibits differences in pay based upon sex. The Complaint does not reference any actions or allegations placing the Defendant on notice as to the Equal Pay Act and there is no reference to discrimination based upon sex generally. If the Plaintiff wishes to add a claim under the Equal Pay Act

6

to her amended Complaint she must move the Court seeking its permission to do so first.

Therefore, the Defendant's Motion to Dismiss is granted without prejudice to the Plaintiff to make all permitted amendments analyzed above and service of the complaint and summons within twenty days of the date of today's order and the Plaintiff's alternative Motion for a More Definite Statement is denied as moot.

As to the Plaintiff's "Motion for Admittance or/and New Discovery Conference Hearing under Fed Rule 26" (Document No. 12), a case management order submitted by the Defendant was signed by the Court during the first case management conference on February 27, 2006. The Plaintiff arrived late and was not present at this conference. The Court then scheduled a second case management conference on March 10, 2006 during which the Plaintiff indicated that she had no objection to the dates contained in the previously entered case management order. See Document No. 19. With this issue resolved, the Court denies the Plaintiff's motion as moot.

The Plaintiff has filed a motion entitled "Motion on Federal Rule Rule [sic] 26.b.(2) General Provisions Governing Discovery, Judgement [sic] on the Pleadings, Request for Counsel" (Document No. 20). The Plaintiff claims that the Defendant "has exceeded the Federal Rule 26b(2) Limitations" and that she has already produced "the necessary information for the Defendant's use." Motion, p. 2. The Plaintiff's brief indicates that the "Defendant's request is becoming burdensome, expensive, and a [sic] inconvenience to the Court as well as the Plaintiff." Brief (Document No. 21), ¶ 7. The Plaintiff's brief also indicates that the Defendant made affidavits in bad faith. Brief, ¶ 9. None of these referenced documents are attached to the Plaintiff's motion. The Defendant failed to respond to this motion. Therefore, the Court is without knowledge as to the content of the discovery requests

sent to the Plaintiff or the affidavits presented by the Defendant.

The Court has not altered the standard limitations set forth in Rules 33 and 34 by any previous order. The limitations of these rules remain operative until changed by order of Court. The Plaintiff has not presented exhibits supporting her basis for altering these limitations. The Plaintiff shall respond to the interrogatories and requests for production of documents served upon her by the Defendant unless she presents to the Court a basis upon which the Court can determine that these discovery requests violate the applicable Federal Rules of Civil Procedure justifying alteration of these limitations in accordance with Rule 26.

The Plaintiff's Motion for Judgment on the Pleadings is premature as the Defendant has not been given a chance to answer the complaint because of its outstanding motion to dismiss. F.R.C.P. 12(c); F.R.C.P. 7(a). Therefore, this motion is denied without prejudice.

The Plaintiff requests the appointment of counsel. The Sixth Amendment and the Constitution generally do not guarantee a right to legal representation in civil actions, but only in *criminal* actions. *Caruth v. Pinkney*, 683 F.2d 1044, 1048 (7th Cir. 1982); *Watson v. Moss*, 619 F.2d 775, 776 (8th Cir. 1980); *U.S. v. Rogers*, 534 F.2d 1134, 1135 (5th Cir. 1976); *Securities and Exchange Commission v. Alan F. Hughes, Inc.*, 481 F.2d 401, 403 (2d Cir. 1973). Pursuant to 28 U.S.C. § 1915(e)(1), district courts have been given the general power to *request* that legal counsel represent an indigent party to a civil action, but this statute does not grant a district court the power to require representation. *Mallard v. U.S. District Court for the S.Dist. of Iowa*, 490 U.S. 296, 300-308, 109 S.Ct. 1814, 1818-1822,104 L.Ed.2d 318, 326-330 (1989); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, this matter is based upon a claim arising under Title VII of the Civil Rights Act of 1964. Title VII

8

establishes the power within a district court to appoint counsel for an indigent plaintiff to a civil action filed pursuant to its provisions and this is the applicable appointment power for the case *sub judice* and not 28 U.S.C. § 1915(e)(1). *See Edmonds v. E.I. duPont deNemours & Co.*, 315 F.Supp. 523 (D.KS. 1970); 42 U.S.C. § 2000e-5(f)(1). 42 U.S.C. § 2000e-5(f)(1) reads in pertinent part: "Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs or security."

The purpose of 28 U.S.C. § 2000e-5(f)(1) "is to ensure that plaintiffs who are unable to afford or to find counsel to represent them in a meritorious Title VII action are ably represented." *Woods v. Bentsen*, 889 F.Supp. 179, 183, n. 4 (E.D.Pa. 1995). Appointment of counsel under Title VII is discretionary. *See Reado v. Texas General Land Office*, 929 F.Supp. 1046, 1048 (E.D.Tx. 1996) and cases cited therein. Although a district court has the power to appoint counsel for an indigent plaintiff, it is "not obligated" to do so. *Johnson v. U.S. Dept. Of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). Three factors are utilized by various circuits when evaluating motions for appointment of counsel and these three factors must be established before a court will appoint counsel: 1) plaintiff's "financial inability to pay for counsel"; 2) plaintiff's "diligence in attempting to secure counsel"; and 3) "meritorious allegations of discrimination." *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1420-1421 (10th Cir. 1992); *Gadson v. Concord Hospital*, 966 F.2d 32, 35 (1st Cir. 1992); *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990); *Darden v. Illinois Bell Telephone Co.*, 797 F.2d 497, 500-501 (7th Cir. 1986); *Slaughter v. City of Maplewood*, 731 F.2d 587, 589 (8th Cir. 1984); *Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981). While some cases do not discuss

9

the need to present positive proof of each of the three factors, some cases expressly indicate that all three factors must be positively proven. *See Castner* at 1421; *Gadson* at 36; *Darden* at 501.

Survival of a civil action from a motion to dismiss does not equate to establishing merit of a claim and thus a "basis for appointment of counsel." *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 205-206 (2d Cir. 2003). Dismissal of charges at the administrative level for lack of reasonable cause, while relevant to an evaluation of the merits of the civil action, may not be relied upon as the only ground for denying appointment of counsel for a lack of a meritorious case. *Slaughter, supra,* at 589-590; *Harris v. Walgreen's Distribution Center*, 456 F.2d 588 (6th Cir. 1972); *Beckett v. Kent County*, 488 F.Supp. 70, 73 (W.D.Mi. 1980). While recognizing that attorneys do turn away meritorious claims at times, one court has noted that the failure to secure representation is somewhat indicative of an unmeritorious civil action because Title VII provides for the award of attorneys fees and the prospect of not being paid on a successful claim is virtually non-existent. *Beckett* at 74.

In consideration of the fact that the Plaintiff has already been granted *in forma pauperis* status and thereby fulfilling the necessary requirement of inability to pay for counsel, the Court also notes that the Plaintiff has been proceeding *pro se* since the institution of this civil action including on the present motion. The Plaintiff's present motion for appointment of counsel consists of only seven paragraphs which in summary indicate the Plaintiff's ignorance of the law, her contacting of "every lawyer referral service in the Western part of Pa." and "our local legal aid office for assistance" as well as her continuing efforts to engage counsel. Brief, pp. 2-3, ¶¶ 1-7. Because the Plaintiff's motion does not specifically indicate the contacts she has made with regard to the names of attorneys and legal aid offices she has contacted or specifically respond to the EEOC's dismissal of her complaint detailing

10

why the Plaintiff believes the EEOC's decision was incorrect and why the case has merit, the Court will deny the Plaintiff's motion for appointment of counsel *without prejudice* to the Plaintiff to re-file this motion. *Gadson, supra,* at 35. Having the benefit of the outline of the applicable law set forth above, the Court believes that a subsequent motion for the appointment of counsel by the Plaintiff will appropriately analyze the applicable factors and allow the Court to obtain a full review of the relevant materials and arguments of the Plaintiff.

The Plaintiff has also filed a "Motion to [sic] Entry of Judgment Under Civil Rule 54 & 58" (Document No. 22) and second such motion entitled "Motion to [sic] Entry of Judgment Under Civil Rule 54 & 58 Status" (Document No. 23). It appears to the Court that the Plaintiff is motioning the Court pursuant to Federal Rule of Civil Procedure 54 and 58 and requests judgment be entered in her favor. These motions are inappropriate at this time. Rule 54(b) permits entry of judgment by the Court in less than all claims prior to the adjudication of the claims that remain in contention while the other subsections concern the definition, form, the type of relief granted in the judgment and assessment of costs and attorneys' fees. Rule 58 concerns the manner and time of the entry of judgment and a party's request to enter judgment on a separate document. Both of these rules apply only where there has been an adjudication of one or more or even all claims within a civil action. None of the Plaintiff's claims have reached the point of final adjudication as the parties are to be complying with the case management order (Document No. 16) in effect in this case which indicates that the parties are to be continuing the discovery process until June 27, 2006. Therefore, the Plaintiff's two Motions to Entry of Judgment Under Civil Rule 54 & 58 are denied as being procedurally premature.

For future reference, the Court informs the Plaintiff that it will strike any further motions or

11

pleadings to the extent they request the status of any outstanding motions. The Court has before it a combined criminal and civil caseload of approximately 400 cases and must address all criminal matters as they take priority under the law. Therefore, civil actions, such as the Plaintiff's, are scheduled for trial in as expeditious manner as possible, however, that period may exceed two years from the time of filing; and motions filed in such civil actions unfortunately cannot be resolved immediately by the Court. Therefore, rulings from the Court on matters such as those resolved above are rendered not within a matter of weeks, but within a matter of months. The filing of motions requesting the status of previously filed motions compounds the workload of the Court and further delays resolution of pending motions. Therefore, the Court places the Plaintiff on notice that motions filed before the Court, such as that found in the Plaintiff's "Motion to [sic] Entry of Judgment Under Civil Rule 54 & 58 STATUS" (Document No. 23), are not proper and will be stricken in the future if filed.

12

**AND NOW**, this 31st day of May, 2006, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT Defendant's Federal Rule 12(b) Motion to Dismiss and Federal Rule 12(e) Motion for a More Definite Statement (Document No. 5) IS GRANTED WITHOUT PREJUDICE as to the Motion to Dismiss to allow the Plaintiff to make all permitted amendments and service of her complaint and summons within twenty days of the date (not later than June 20, 2006) of this order, and DENIED AS MOOT as to the Defendant's Motion for a More Definite Statement; IT IS FURTHER ORDERED THAT the Plaintiff's Motion to Deny Dismissal of Complaint on the Federal Rule 12B & 12E (Document No. 8) is DENIED; IT IS FURTHER ORDERED that Plaintiff's Motion for Admittance or/and New Discovery Conference Hearing Under Fed Rule 26 (Document No. 12) is DENIED AS MOOT; IT IS FURTHER ORDERED THAT Plaintiff's Motion on Federal Rule 26.b.(2) General Provisions Governing Discovery, Judgement [sic] on the Pleadings, Request for Counsel (Document No. 20) is DENIED WITHOUT PREJUDICE as to the Plaintiff's Motion for Judgment on the Pleadings and Request for Counsel and DENIED as to all other parts; and IT IS

13

FURTHER ORDERED THAT the Plaintiff's "Motion to [sic] Entry of Judgment Under Civil Rule 54 & 58"(Document No. 22) and "Motion to [sic] Entry of Judgment Under Civil Rule 54 & 58 STATUS" (Document No. 23) are DENIED WITHOUT PREJUDICE to be filed in the future at a procedurally proper time.

**BY THE COURT:**

**KIM R. GIBSON,**
**UNITED STATE DISTRICT JUDGE**

14